**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

CANFOR CORPORATION,
CANADIAN FOREST PRODUCTS, LTD., and
CANFOR WOOD PRODUCTS MARKETING, LTD.,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Court No. 26-03123

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

TARA K. HOGAN
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2228
Email: Tara.Hogan@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:

HEATHER HOLMAN
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
United States Department of Commerce

November 9, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 2

CONCLUSION ........ 7

## TABLE OF AUTHORITIES

Cases


*Consolidated Bearings Co. v. United States*,
348 F.3d 997 (Fed. Cir. 2003) ........ 2

*Estate of Hage v. United States*,
687 F.3d 1281 (Fed. Cir. 2012) ........ 2, 3

*Giti Tire Glob. Training Pte Ltd v. United States*,
No. 24-00083, 2026 Ct. Int'l Trade LEXIS 71 (Ct. Int'l Trade June 12, 2026) ........ 5

*Gooch v. Young*,
24 F.4th 624 (7th Cir. 2022) ........ 3

*Itochu Bldg. Prods. v. United States*,
733 F.3d 1140 (Fed. Cir. 2013) ........ 3

*Jacobi Carbons AB v. United States*,
313 F. Supp. 3d 1308 (Ct. Int'l Trade 2018) ........ 4

*Maggitt v. West*,
202 F.3d 1370 (Fed. Cir. 2000) ........ 2

*McCarthy v. Madigan*,
503 U.S. 140 (1992) ........ 2, 4

*Pozo v. McCaughtry*,
286 F.3d 1022 (7th Cir. 2002) ........ 6

*Ross v. Blake*,
578 U.S. 632 (2016) ........ 3

*Thai I-Mei Frozen Foods Co. v. United States*,
477 F. Supp. 2d 1332 (Ct. Int'l Trade 2007) ........ 6

*Unicatch Indus. Co. v. United States*,
422 F. Supp. 3d 1355 (Ct. Int'l Trade 2019) ........ 6

*United States v. L.A Tucker Truck Lines*,
344 U.S. 33 (1952) ........ 6

*United States v. Nitek Elecs., Inc.*,
806 F.3d 1376 (Fed. Cir. 2015) ........ 4

*Vin Hoan Corp. v. United States*,
179 F. Supp. 3d 1208 (Ct. Int'l Trade 2016) ........ 4

*Weishan Hongda Aquatic Food Co. v. United States*,
917 F.3d 1353 (Fed. Cir. 2019) ..................... 3

*Woodford v. Ngo*,
548 U.S 81 (2006) ..................... 6

Statutes

28 U.S.C. § 1581 ..................... 1

28 U.S.C. § 2637(d) ..................... 2

Rules

USCIT Rule 12(b)(6) ..................... 1

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CANFOR CORPORATION,<br>CANADIAN FOREST PRODUCTS, LTD., and<br>CANFOR WOOD PRODUCTS MARKETING, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03123 |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint. In its response (Pl. Resp.), ECF No. 25, Canfor fails to rebut our argument that the complaint should be dismissed because Canfor failed to exhaust an available administrative opportunity to challenge the alleged error before the Department of Commerce.

Canfor spends much of its response brief outlining the distinction between the Court's 28 U.S.C. § 1581(i) jurisdiction to review liquidation instructions and the Court's 28 U.S.C. § 1581(c) jurisdiction to review final administrative determinations. *See* Pl. Resp. at 11-19. We do not challenge the Court's jurisdiction over this complaint. *See* Def. Mot. at 5 n.3. We also agree that the final results of an administrative review and the issuance of liquidation instructions are two distinct agency actions and that Commerce issues final liquidation instructions after the completion of the administrative review. Pl. Resp. at 12-14.

These background issues, however, do not resolve the question presented: Should the Court dismiss the complaint under USCIT Rule 12(b)(6) for failure to exhaust administrative

remedies? "{W}hether to invoke the exhaustion of administrative remedies doctrine against a party--with the effect that the party's arguments go unheard--is case-specific." *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). On the facts of this case, where Canfor was expressly invited to comment on the very instructions that it now claims contain error, enforcing the exhaustion requirement is appropriate. The complaint should be dismissed.

ARGUMENT

Canfor first argues that exhaustion of administrative remedies is categorically not required in this situation, citing *Consolidated Bearings Co. v. United States*, 348 F.3d 997 (Fed. Cir. 2003). Canfor argues that the court in *Consolidated Bearings* held that there is no "statutory or regulatory provision that allows a party to challenge the manner in which Commerce implements the final results of an administrative review." Pl. Resp. at 11 (citing 348 F.3d at 1004). We agree that the relevant statute and regulations do not explicitly outline procedures for how to challenge final liquidation instructions after they have been issued. Had Canfor only learned of Commerce's treatment of certain of its entities for the first time when liquidation instructions were issued, as in *Consolidated Bearings*, we might agree that exhaustion of administrative remedies is not required. But on the facts of this case, enforcing the exhaustion requirement is "appropriate." 28 U.S.C. § 2637(d).

The absence of published procedures does not preclude the enforcement of the doctrine of exhaustion of remedies. For example, in *Estate of Hage v. United States*, the Court of Appeals for the Federal Circuit addressed a statute that required exhaustion of administrative remedies before seeking just compensation for the taking of land. 687 F.3d 1281, 1290 (Fed. Cir. 2012). The court rejected the landowner's arguments that exhaustion wasn't required

because the agency had not established clear procedures for seeking administrative determinations. *Id*. at 1291. Because the landowner did not argue that it attempted to obtain an administrative determination before filing suit, the court of appeals found that its claim could not be heard by the Court of Federal Claims. *Id*.

The facts here are even less favorable to Canfor. Even though the statutory and regulatory framework did not *require* that Commerce provide an opportunity to comment on the draft liquidation instructions, Commerce did so. Commerce notified Canfor of an actual procedure to address any alleged errors before issuance of the final liquidation instructions. Commerce issued "draft liquidation instructions" and directed "interested parties" to include "comments on these draft instructions, if any, in their case briefs submitted for consideration in the final results of this administrative review." Appx0006. Thus, Commerce provided an opportunity and indicated that it intended to address any concerns raised by the parties in its final results.

"The {f}ailure to exploit an available agency remedy, *even if not specifically required*, can constitute a failure to exhaust in appropriate circumstances." *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145 n.1 (Fed. Cir. 2013) (emphasis added). Here, as a factual matter, an administrative remedy was "'available'" because commenting on the draft liquidation instructions was "'capable of use to' obtain 'some relief for the action complained of." *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022) (per curiam) (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)).

Next, Canfor contends that enforcing the exhaustion requirement would not be appropriate in this case. Pl. Resp. at 19. The parties agree that the Court may exercise discretion whether to waive the exhaustion requirement. *See* Pl. Resp. at 20; *see Weishan Hongda Aquatic*

*Food Co. v. United States*, 917 F.3d 1353, 1364 (Fed. Cir. 2019) (citing *United States v. Nitek Elecs., Inc.*, 806 F.3d 1376, 1381 (Fed. Cir. 2015)). Canfor argues that any exhaustion requirement should be waived in this circumstance. Pl. Resp. at 19-25.

Canfor contends that applying exhaustion here would not serve the purposes of exhaustion. Pl. Resp. at 20. As Canfor acknowledges, exhaustion "allow{s} the agency to apply its expertise, rectify administrative mistakes and compile a record adequate for judicial review." Pl. Resp. at 19 (citing *Vin Hoan Corp. v. United States*, 179 F. Supp. 3d 1208, 1226-27 (Ct. Int'l Trade 2016)). These purposes would be served here by enforcing exhaustion requirements. Commerce released draft liquidation instructions in order to receive comments from interested parties. Had Canfor identified the issue that it now raises, Commerce could have either (a) made the revision that Canfor now seeks, avoiding litigation entirely, or (b) provided an explanation, informed by the administrative record, for not treating all of Canfor's entities as subject to one assessment rate. The issue could have been resolved efficiently and economically, thus serving the "twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 144-45.

*Jacobi Carbons AB v. United States*, 313 F. Supp. 3d 1308 (Ct. Int'l Trade 2018), does not assist Canfor. *See* Pl. Resp. at 20; 22. In *Jacobi*, the Court declined to strictly enforce the exhaustion requirement. The Court found the arguments presented by the respondent in its administrative case brief were sufficient to put Commerce on notice of the challenge to use of a particular financial statement to calculate surrogate financial ratios. *Id.* at 1330. More importantly, Commerce actually decided that the challenged financial statement did not evidence use of countervailable subsidies, meaning that Commerce expressly addressed the issue, offered its reasoning, and the record was ripe for judicial review. *Id.* at 1330-31. By contrast,

Commerce was not timely put on notice of the alleged error. Canfor deprived the agency of any chance to address its concerns before issuance of allegedly erroneous final liquidation instructions.

Similarly, *Giti Tire Glob. Training Pte Ltd v. United States*, No. 24-00083, slip op. 26-61, 2026 Ct. Int'l Trade LEXIS 71 (Ct. Int'l Trade June 12, 2026) is unhelpful to Canfor. *See* Pl. Resp. at 21. In the preliminary results underlying that case, Commerce stated that it intended to instruct CBP to liquidate certain entries at the country-wide, as opposed to company-specific, rate. *Id*. at *12. Commerce subsequently released draft liquidation instructions that would instruct CBP to liquidate the entries using the separate rate. *Id*. at *13. In its administrative case brief, Giti did not raise any challenge to Commerce's statement in the preliminary results or the draft liquidation instructions. In the final results, Commerce stated that it intended to direct CBP to liquidate the entries at the China-wide rate.

Before this Court, Giti sought an order confirming that the final liquidation instructions would be consistent with the draft liquidation instructions. *Id*. at *24. Defendant argued that the challenge should be dismissed for failure to exhaust administrative remedies. The Court found that it would not be equitable to enforce the exhaustion requirement against Giti, particularly because Giti had agreed with the draft liquidation instructions, as written. But ultimately, the Court found that Giti's request for a court order directing Commerce to issue certain liquidation instructions was premature and speculative. *Id*. at *28-29. By contrast here, the same assessment instructions that Canfor challenges were provided in the draft liquidation instructions, and Canfor clearly had an opportunity to challenge the instructions' language in a timely fashion.

Canfor also contends that Commerce was not deprived of the opportunity to consider the issue, citing the letter it sent to Commerce after liquidation instructions were issued. Pl. Resp. at

22; *see* Appx047-051. Canfor's belated letter was not sufficient. Exhaustion "means using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). When Commerce issued the draft liquidation instructions, it outlined steps for Canfor to raise its objection to the proposed language of the liquidation instructions. Appx006. Canfor did not make its objection "*at the time appropriate*" under Commerce's procedures. *Woodford*, 548 U.S. at 90 (citing *United States v. L.A Tucker Truck Lines*, 344 U.S. 33, 36-37 (1952)).

Finally, the "pure question of law" exception does not apply. *See* Pl. Resp. at 23-25. Canfor contends that the "error" in the liquidation instruction is "evident from the face of the instructions." Pl. Resp. at 23. The issue, here, however is not one to be resolved solely by "statutory construction." *Id*. at 24; *see* Def. Mot. at 10-11. Even assuming Canfor presented a "pure question of law," application of that exception "must neither create undue delay nor cause expenditure of scarce party time and resources." *Thai I-Mei Frozen Foods Co. v. United States*, 477 F. Supp. 2d 1332, 1354-55 (Ct. Int'l Trade 2007). If allowed to proceed, Canfor's belated challenge will require the expenditure of scarce resources that could have been avoided had Canfor timely raised the issue by commenting on the draft assessment instructions. Commerce issued the draft liquidation instructions explicitly to garner party comments, which would help to ensure their accuracy and avoid possible litigation on the accuracy of the instructions. Appx0006. Canfor failed to avail itself to this opportunity.

Canfor "had the opportunity to present this adjustment to Commerce; it must bear the consequences of its failure to do so." *Unicatch Indus. Co. v. United States*, 422 F. Supp. 3d 1355, 1361 (Ct. Int'l Trade 2019) (holding that a respondent could not present an argument that was not presented first to Commerce).

## CONCLUSION

For these reasons and those provided in our motion to dismiss, we respectfully request that this Court dismiss the complaint and enter judgment for the United States.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2228
Email: Tara.Hogan@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:

HEATHER HOLMAN
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
United States Department of Commerce

November 9, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains no more than **1,807** words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Tara K. Hogan